Estate of Charles Haddon Martin, Hunter M. Martin, Executor v. Commissioner.
Estate of Martin v. Commissioner
Docket No. 695.
United States Tax Court
1943 Tax Ct. Memo LEXIS 40; 2 T.C.M. (CCH) 1063; T.C.M. (RIA) 43498; December 7, 1943
*40 (1) Estate tax: Transfer in contemplation of death. - Decedent made gifts in cash and bonds, totalling $40,000, in 1932, to M, a friend, to whom he had made a number of gifts over a period of years. He filed an affidavit covering this particular gift to the State Tax Commission, in 1935, in which he affirmed that "it was my intention to buy and give her Liberty Bonds of the face value of $40,000 so that in the event of my death, she would have something to provide for her maintenance and support." At the same time he gave M a bill of sale showing her right to the bonds in question. During 1935, 1936, 1937 and 1938 decedent gave M sums totalling $18,314.96 which was not in excess of sums previously paid to her. It was shown that decedent was in excellent health up to the time of, and had no premonition of his death. It is held that the gift of the bonds was in lieu of a testamentary gift, as such, was a transfer made in contemplation of death, and, consequently, subject to tax. However, the gifts of money made in the years 1935-1938 being no greater than in other years, were not taxable. (2) Estate tax: Credit for state inheritance tax. - Decedent died in 1940, and his executor filed *41 a return and paid the state inheritance tax in 1941, for which decedent's estate is entitled to credit in computing the Federal estate tax. Edward H. Hardy, Esq., J. Vaughan Gary, Esq., and William E. Spain, Esq., 1203 State-Planters Bank Bldg., Richmond, Va., for the petitioner. L. W. Creason, Esq., for the respondent. SMITH Memorandum Findings of Fact and Opinion SMITH, Judge: The respondent determined a deficiency in the estate tax of the decedent in the amount of $12,999.78. The petitioner alleges that the respondent erred in the determination of the deficiency (1) by including in the gross estate $65,583.71 alleged to have been transfers made within the lifetime of the decedent in contemplation of death; (2) in failing to give credit for Virginia state inheritance taxes paid by the estate to the Commonwealth of Virginia. Findings of Fact The petitioner is the executor of the estate of Charles Haddon Martin who died, testate, a resident of Roanoke, Virginia, on July 29, 1940, at the age of 72 years. He is a brother of the decedent. He filed an estate tax return with the collector of internal revenue for the district of Virginia, at Richmond, on October 15, 1941. There was *42 not included in the gross estate of the decedent in the return filed any amount representing transfers of property made by the decedent during his lifetime in contemplation of death. The respondent amended the return by adding to the gross estate reported $65,583.71 which he contends constituted transfers made by the decedent in contemplation of death and determined the deficiency accordingly without allowing any credit for inheritance taxes paid by the estate to the Commonwealth of Virginia. The reason why the executor did not include in the gross estate any amounts representing transfers of property made by the decedent was that he was not aware at the date of the filing of the return that any such transfers had been made. Inheritance taxes were paid to the Commonwealth of Virginia by the executor on July 24, 1941, in the amount of $2,271.19 and on September 10, 1941 in the amount of $460.59. The decedent died a bachelor. He had been a successful business man. For some years prior to his death he was engaged in a business for the sale of road machinery for the construction and maintenance of highways. He was not actually engaged in that business after about 1933. The decedent *43 filed a nontaxable gift tax return for 1935 which showed a gift to Mary Georgia Whitten, Lynchburg, Virginia, of $40,000 United States Treasury bonds, three percent, maturing in 1951 and 1956. The return shows that the motive for making the gift was "friendship." The State Tax Commissioner for Virginia learned of this gift and made a careful investigation to discover whether the gift was subject to the Virginia gift tax which was imposed by a law enacted in 1934. The decedent filed with the State Tax Commissioner an affidavit relative to the transaction. In that affidavit he affirms that he gave to the donee, Mary Georgia Whitten, in 1932, $10,000 in cash to enable her to buy Liberty Loan bonds and that, on March 25, 1932, he made her a gift of $30,000 Liberty Loan bonds which he himself owned. He affirms: It was my intention to buy and give her Liberty Bonds of the face value of $40,000.00 so that in the event of my death, she would have something to provide for her maintenance and support. * * * * *
Under date of September 11, 1935, I executed a will. No reference to the said Mary Georgia Whitten was made therein nor did I make any provision for her in said will by reason of *44 the fact that I had previously given to her the aforesaid bonds aggregating $40,000.00. After the said will had been executed, the said Mary Georgia Whitten was fearful that since she had nothing in writing from me to show that I had given her the aforesaid bonds of the face value of $40,000.00, in the event of my death, some one might possibly institute some Court proceeding in an effort to recover said bonds from her. Consequently, in an effort to satisfy her and to give her written evidence of the fact that bonds of the value of $40,000.00 had been actually given to her by me, I executed a bill of sale which is dated September 28, 1935, from which it appears that I transferred, delivered, etc. to her certain Treasury bonds of the value of $40,000.00. * * * * *
For sometime, the said Mary Georgia Whitten has suffered with her eyes. By reason thereof, her eyesight has been impaired for a number of years. Consequently, she has turned over to me the interest coupons which had been cut from said bonds, which interest I have held for her and given to her in weekly sums from week to week during the course of each year. This arrangement of giving her weekly sums of money had existed *45 before the said bonds were first given to her. * * * The fair market value of the $40,000 three percent Treasury bonds at the date of the death of the decedent was $45,268.75. During the years 1935, 1936, 1937, and 1938 the decedent paid Mary Georgia Whitten by check the following amounts: 1935
$ 6,070.67
1936
4,990.25
1937
4,353.55
1938
2,900.49
Total
18,314.96
In his determination of the deficiency the respondent assumed that these amounts of money paid to Mary Georgia Whitten by the decedent were made in contemplation of death and the total of the stipulated value of the Treasury bonds and the $18,314.96, constituting $63,583.71 (by error in the deficiency notice stated to be $65,583.71), was included in the gross and net estates in the determination of the deficiency. Up to within a few weeks before his death the decedent enjoyed excellent health. He was strong and vigorous and of a cheerful frame of mind. Mary Georgia Whitten, now deceased, was not a relative of the decedent. The gift of the Treasury bonds either in 1932 or in 1935 was made in contemplation of death. Opinion The question presented by this proceeding is whether certain transfers of money made *46 by the decedent during his lifetime were made in contemplation of death within the meaning of section 302 of the Revenue Act of 1926, as amended. That provision of the statute applicable for the year 1940 requires the inclusion in the gross estate of the value at the time of the death of a decedent of all property, real or personal tangible or intangible, "(c) To the extent of any interest therein to which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of * * * death." In this proceeding the respondent contends that the entire transfers of property made to Mary Georgia Whitten in the amount of $63,583.71 were made in contemplation of death within the meaning of the statute. He admits that he erred in stating the amount in the deficiency notice as $65,583.71. The executor of the estate and his brother, a physician of Richmond, Virginia, never knew of the gifts made by the decedent to Mary Georgia Whitten until after the decedent's death. They learned of the gift of the Treasury bonds only from the records of the State Tax Commissioner for Virginia. The respondent learned of payments made by the decedent to Mary Georgia Whitten in 1935, 1936, 1937, *47 and 1938 through an investigation of her income tax returns. She claimed that the monies had been given to her by the decedent and the decedent exhibited to a revenue agent cancelled checks showing the payments. He swore that all the monies advanced by him to Mary Georgia Whitten from time to time were gifts and that there was "no consideration for the same other than of friendship." In , the Supreme Court said: "The words 'in contemplation of death' mean that the thought of death is the impelling cause of the transfer." It further said: * * * There is no escape from the necessity of carefully scrutinizing the circumstances of each case to detect the dominant motive of the donor in the light of his bodily and mental condition, and thus to give effect to the manifest purpose of the statute. * * * It further observed that it was not necessary that death be imminent. It was enough if the thought of death prompted the transfer. The evidence in the instant case shows that the decedent was vigorous and healthy up to a few weeks prior to his death. His death was caused by a rupture of the diverticulum on the caecum. *48 He had no premonition of the trouble until the rupture occurred. It is apparent from the affidavit made by the decedent to the State Tax Commissioner for Virginia that he wished to make the gift of the $40,000 Liberty bonds to Mary Georgia Whitten so that she should be sufficiently provided for in the event of his death. He had been giving her amounts of money each year prior to the date of the gift of the bonds and continued making such payments of money after the gift. Since she was no relative of his it is apparent that she was fearful that in the event of the decedent's death some claim might be made that she was not entitled to the property which he had given her. It is for that reason that in 1935 he gave her a bill of sale showing her right to the bonds in question. This evidence all goes to show that the gift of the $40,000 Treasury bonds was in lieu of a testamentary disposition of a material part of his property. We think that the gift of the bonds was in contemplation of death within the meaning of the statute. We do not find, however, from the evidence that the other payments made by the decedent to Mary Georgia Whitten were in contemplation of death. The respondent contends *49 that his determination that they were in contemplation of death must stand for lack of proof that they were not made in contemplation of death. It is apparent, however, that we have before us all of the evidence which the respondent had in the making of his determination. In fact, we have more, for we have evidence that the decedent was strong and vigorous and enjoyed excellent health up to a short time before his death. Aside from the fact that the gifts of money were made during the years 1935, 1936, 1937, and 1938, there is no evidence whatever that they were made in contemplation of death. Apparently the decedent made these small gifts to provide support and maintenance for Miss Whitten. The evidence indicates that he had been making the gifts over a long period of years and there is no evidence that those which were made during the last four years of his life, aside from the gift of the Liberty bonds, were any greater than in prior years. We think that the evidence overcomes the presumption of this correctness of respondent's determination that the gifts were made in contemplation of death. Accordingly, his determination that the gifts in excess of a value of $45,268.75 for *50 the Liberty bonds were in contemplation of death is reversed. The petitioner is entitled to a credit against the estate tax of the inheritance taxes paid to the Commonwealth of Virginia, as shown by our findings. Decision will be entered under Rule 50.